## Case No. 10,896.

### PECK v. WILLIAMSON.

[1 Brunner, Col. Cas. 398; [1] 1 Car. Law Repos. 53.]

Circuit Court, D. North Carolina. 1813.

JUDGMENT OF STATE COURT — CONCLUSIVENESS IN OTHER STATES—CONSTITUTIONAL LAW—FAITH AND CREDIT OF STATE RECORDS.

1. The judgment of one state court is not conclusive in a suit instituted upon it in another state.

2. While full faith and credit must be given to the acts of one state in another, the effect thereof may be prescribed by congress.

Debt on a judgment recovered by the plaintiff against the defendants [R. and T. Williamson] in the supreme court of Massachusetts. Among other points involved in the case was the much agitated question as to the effect which a judgment obtained in one state should have when suit is instituted upon it in another state. It was contended on behalf of the plaintiff that the judgment was as conclusive to every purpose as if it had been rendered in the court where suit was brought; and this by the express provision of congress under the constitution. On behalf of the defendant it was urged that the judgment was merely prima facie evidence of a debt, liable to be rebutted by other testimony, agreeably to the well-known rule of the common law in respect to foreign judgments.

R. Williams, for plaintiff.

D. Cameron and Mr. Gaston, for defendants.

MARSHALL, Circuit Justice. As this very important question has not yet been decided in this court, nor in the supreme court of the United States, my brother judge and myself feel ourselves at liberty to pronounce that opinion which our own judgment dictates. To us it appears very clear that the constitution makes a pointed distinction between the faith and credit, and the effect, of a record in one state when exhibited in evidence in another. With respect to the former, the constitution is peremptory that it must have full faith and credit; with re-

spect to the latter, it provides that.congress may prescribe the effect thereof. Unless congress had prescribed its effect, it should be allowed only such as it possesses on common-law principles. In our opinion congress have not prescribed its effect. To suppose that they have is to believe that they use the words "faith and credit" in a sense different from that which they have in the clause of the constitution upon which they were legislating. It is very doubtful, however, whether this opinion would receive the sanction of the supreme court. A different one has been delivered by Judge Cushing in the federal court of Virginia. Judge Washington has also recently decided in favor of the conclusiveness of such a judgment; and from the case cited at the bar, from the New York Term Reports, such appears to be the opinion of Judge Livingston. The defendant, being permitted to impeach the consideration of the judgment, introduced very strong testimony for that purpose, upon which the jury with the approbation of the court found a verdict for the plaintiff for a sum far short of that which he had recovered in his original judgment.